# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **JOSEPH BRATCHER,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:17CV00175 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **VIRGINIA DEPARTMENT OF** | ) | By: James P. Jones |
| **CORRECTIONS, ET AL.,** | ) | United States District Judge |
| | ) | |
| Defendants. | ) | |

*Joseph Bratcher, Pro Se Plaintiff.*

The plaintiff, Joseph Bratcher, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, the Americans with Disabilities Act, and the Rehabilitation Act. Bratcher alleges that the Virginia Department of Corrections ("VDOC"), a "John Doe" VDOC classification official, and officials at two VDOC prisons have violated his constitutional rights in various ways in the last three weeks. After review of the record, I conclude that the complaint must be summarily dismissed, because Bratcher admits that he failed to exhaust available administrative remedies, as required under 42 U.S.C. § 1997e(a).

Bratcher's lengthy Complaint, signed and dated on April 17, 2017, alleges that on March 31, 2017, a VDOC classification official retaliated against Bratcher for past lawsuits by transferring him against the advice of Bratcher's treating

mental health professionals from Buckingham Correctional Center ("BKCC") to St. Brides Correctional Center ("SBCC"). Bratcher also alleges, among other things, that SBCC officials have failed to provide him with adequate treatment and accommodation of his mental health needs; access to his legal materials and adequate legal research facilities; the ability to continue providing legal assistance to disabled inmates at BKCC; appropriate medication for his migraine headaches; and assistance in identifying inmates who pose a threat to him. Bratcher has moved for a temporary restraining order and/or preliminary injunction directing SBCC officials to correct these problems.

The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), mandates that a prisoner cannot bring a civil action concerning prison conditions until he has first exhausted available administrative remedies. *See Ross v. Blake*, 136 S. Ct. 1850, 1856 (2016). Failure to follow the required procedures of the prison's administrative remedy process, including time limits, or to exhaust all levels of administrative review is not "proper exhaustion" and will bar an inmate's action. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). "A court may sua sponte dismiss a complaint when the alleged facts in the complaint, taken as true, prove that the inmate failed to exhaust his administrative remedies." *Custis v. Davis*, 851 F.3d 358, 361 (4th Cir. 2017).

Bratcher describes the grievance process at BKCC as beginning with "an Informal Complaint, which is answered by the person involved or responsible. The next step is a Regular Grievance, which is sent to the Warden for the Warden's review. The final step is to submit an appeal to the Regional Administrator." Compl. ¶¶ 10-12, ECF No. 1. Bratcher states that while he was at BKCC, he made "frequent use of the [grievance] system" when he experienced a problem there. *Id.* ¶ 9. As to his claims in this case, however, Bratcher states: "The plaintiff has in good faith began [sic] the process, but the procedure cannot and will not provide necessary relief. The grievance system is such in name only, and has never afforded the plaintiff relief, leaving the plaintiff without any real remedies." *Id.* ¶¶ 215-16.

Taking these allegations as true, I can only conclude that Bratcher did not complete all steps of the prison's grievance procedure as required under § 1997e(a) before filing this lawsuit. Instead, Bratcher decided that the procedure did not offer the relief he himself believed necessary under the circumstances and filed the lawsuit prematurely, without even attempting to exhaust all levels of the grievance procedure that he admits had been available to him on prior occasions. The exhaustion requirement in § 1997e(a) is mandatory, *Ross*, 136 S. Ct. at 1856, however, and applies to all inmate suits, even if the particular form of relief the inmate seeks in his lawsuit is not available through the prison's grievance

proceedings. *Booth v. Churner*, 532 U.S. 731, 741 (2001). Bratcher does not state any facts suggesting that the grievance procedures at BKCC and SBCC were unavailable to him in any respect, or that the procedures did not offer any relief.[1] *Ross*, 136 S. Ct. at 1859. Moreover, the timing of the events described in the Complaint indicates that Bratcher filed the lawsuit before there had been time to utilize all steps of the grievance procedure.

Because Bratcher's allegations indicate that he did not exhaust administrative remedies as to the claims raised in this case before coming to court, I will summarily dismiss the action without prejudice under § 1997e(a).[2] I will also dismiss as moot the pending motion seeking interlocutory injunctive relief.

---

[1] I recognize that § 1997e(a) will not bar an inmate's lawsuit if administrative remedies are not "available." *Ross*, 136 S. Ct. at 1856. In three rare circumstances, a prison grievance procedure can be considered unavailable for purposes of exhaustion under § 1997e(a) if: (1) "it operates as a simple dead end — with officers unable or consistently unwilling to provide any relief to aggrieved inmates"; (2) its "rules are so confusing that . . . no reasonable prisoner can use them"; or (3) "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 1859-60 (internal quotation marks and citations omitted). Bratcher does not allege that any of these circumstances prevented him from utilizing the available administrative remedies.

[2] I note that Bratcher's Complaint also fails to comply with the Federal Rules of Civil Procedure governing proper joinder of claims and defendants. Fed. R. Civ. P. 18, 20. He improperly asserts in one lawsuit claims against officials at two different prisons, concerning completely unrelated events. Moreover, Bratcher is advised that SBCC is located within the jurisdiction of the United States District Court for the Eastern District of Virginia, and any claims concerning events at SBCC are to be filed in that court.

A separate Order will be entered herewith.

DATED: May 8, 2017

/s/  James P. Jones
United States District Judge